24CA0146 Exit Strategies v Hause 09-19-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0146
El Paso County District Court No. 23CV32007
Honorable William B. Bain, Judge

Exit Strategies Institute, LLC, as Trustee of the Craig W. Butterfield Family
Trust dated May 13, 1983,

Plaintiff-Appellee,

v.

Hause Associates, LLC, a Colorado limited liability company, d/b/a Nestago,

Defendant-Appellant.

ORDER REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division III
Opinion by JUDGE DUNN
Navarro and Gomez, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced September 19, 2024

First & Fourteenth PLLC, Edward A. Gleason, Colorado Springs, Colorado, for
Plaintiff-Appellee

Creer Law, LLC, Gregory R. Creer, Greenwood Village, Colorado, for Defendant-
Appellant

¶ 1 Defendant, Hause Associates, LLC, d/b/a Nestago (Nestago), appeals the district court's order granting preliminary injunctive relief in favor of plaintiff, Exit Strategies Institute, LLC, as Trustee of the Craig W. Butterfield Family Trust Dated May 13, 1983 (Exit Strategies). We reverse.

## I. Background

¶ 2 Exit Strategies is the trustee for a family trust. The trust has a joint ownership interest in a large home in Colorado Springs. Nestago is a property management company that, among other things, lists properties for short-term rentals. Sometime in the summer of 2023, Nestago began listing the home for short-term rentals.

¶ 3 Disputing Nestago's authority to rent the home, Exit Strategies filed a complaint against Nestago (and others), seeking, among other things, injunctive relief.

¶ 4 Exit Strategies followed its complaint with a motion for a preliminary injunction asking the district court to enjoin Nestago from renting the home. The district court initially denied the preliminary injunction, finding that "the continued rental of the

home will not result in the kind of irreparable harm that warrants issuance of a preliminary injunction."

¶ 5 At a status conference a few months later, however, Exit Strategies again raised concerns about Nestago's lack of authority to rent the home. After Nestago admitted that its purported contract to rent the home was not signed by either of the joint homeowners, the court sua sponte reversed its previous ruling denying the motion for injunctive relief. Finding that there was a "very high likelihood that [Exit Strategies is] going to succe[ed] on their claims," the court entered an oral injunction, stating that it would "scribble out the rationale" later. The record, however, doesn't reflect a more detailed written order.

## II.    Analysis

¶ 6 Nestago contends that the district court erred by granting a preliminary injunction without making factual findings on each factor required to establish preliminary injunctive relief.

¶ 7 To obtain a preliminary injunction, the moving party has the burden to demonstrate (1) a reasonable probability of success on the merits; (2) the danger of real, immediate, and irreparable injury that may be prevented by injunctive relief; (3) the lack of a plain,

speedy, and adequate remedy at law; (4) no disservice to the public interest; (5) a balance of equities in favor of the injunction; and (6) the injunction's preservation of the status quo pending a trial on the merits. *Rathke v. MacFarlane*, 648 P.2d 648, 653-54 (Colo. 1982); *see* C.R.C.P. 65(d) ("Every order granting an injunction . . . shall set forth the reasons for its issuance . . . .").

¶ 8    Though we review the grant of injunctive relief for an abuse of discretion, *see Rathke*, 648 P.2d at 653, the district court must make detailed factual findings and legal conclusions so that a reviewing court has a clear understanding of the court's decision. *Gitlitz v. Bellock*, 171 P.3d 1274, 1278 (Colo. App. 2007); *see also* C.R.C.P. 52.

¶ 9    The district court found that Exit Strategies had demonstrated the likelihood of actual success on the merits, and Nestago doesn't challenge that finding. But we agree with Nestago that the district court didn't make any findings with respect to the remaining five *Rathke* factors. *See Joseph v. Equity Edge, LLC*, 192 P.3d 573, 577 (Colo. App. 2008) (reversing an injunction and remanding for further findings because the court didn't make the necessary

factual findings).  Absent these specific findings, we are unable to determine if injunctive relief was warranted.

¶ 10    We therefore reverse the order granting injunctive relief and remand the case to the district court to "make factual findings under *Rathke*" to determine whether Exit Strategies is "entitled to injunctive relief."  *Anderson v. Applewood Water Ass'n*, 2016 COA 162, ¶ 24.  To do that, the court may, in its discretion, rule on the existing record or consider additional evidence.[1]

### III.    Disposition

¶ 11    The order is reversed and the case is remanded with directions.

JUDGE NAVARRO and JUDGE GOMEZ concur.

---

[1] Given our disposition, we needn't address Nestago's other challenges to the preliminary injunction.